IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DAVID J. HAMMOND, O.D. | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Civil Action No. 5:07-CV-078 |
| PEARLE VISION, INC. | § § § | |
| *Defendant.* | § § § | |

## PEARLE'S OBJECTION TO MAGISTRATE'S RECOMMENDATION DENYING MOTION FOR SUMMARY JUDGMENT ON LIMITATIONS

TO THE HONORABL JUDGE OF SAID COURT:

COMES NOW Pearle Vision, Inc. ("Pearle"), and files this Objection to Magistrate's Recommendation Denying Motion for Summary Judgment on Limitations, and in support thereof would show as follows.

### I.

### INTRODUCTION AND SUMMARY OF OBJECTION

Pearle respectfully objects to the Magistrate Judge's recommendation that the Court apply the four-year residual statute of limitations to the Texas Optometry Act ("Optometry Act" or "Act") claim asserted by Plaintiff in this lawsuit. The Optometry Act does not include its own express statute of limitations; therefore, under settled Texas law, the Court should apply the statute of limitations from an analogous cause of action. The most analogous causes of action here each have a two-year limitation period. The Optometry Act cause of action is clearly analogous to tortious interference, which bears a two-year statute of limitations. In addition, because violation of the Optometry Act is a tort, the two-year statute of limitations, which

applies to all torts, should be applied here. Finally, the Court could also apply the two-year statute of limitations from the Texas Deceptive Trade Practices Act ("DTPA") due to its close relationship to the Optometry Act. The four-year residual statute of limitations has been applied rarely by Texas courts, and then almost exclusively to equitable causes of action that, were it not for the residential statute, would be subject to no fixed time provision but only to the equitable defense of laches. Accordingly, the Magistrate erred in concluding that the residual four-year statute of limitations should be applied to Plaintiff's Optometry Act claim. The Court should grant Pearle's Motion for Summary Judgment on Limitations.

## II.

## PEARLE'S MOTION FOR SUMMARY JUDGMENT ON LIMITATIONS PRESENTED A PURE LEGAL QUESTION

Pearle's motion was directed to Plaintiff's claim under section 351.605 of the Optometry Act. Tex. Occ. Code. §351.605. That claim alleges that Pearle violated section 351.408 of the Act, which generally prohibits an optical company from controlling or attempting to control the professional judgment, manner of practice, or practice of an optometrist. *Id.* at §351.408(c). Pearle has denied engaging in any prohibited conduct.

Pearle's evidence established that Plaintiff's claim under the Optometry Act accrued not later than October 2004. Plaintiff did not dispute the relevant evidence. Slip op. at 5. Pearle does not object to the factual findings of the Magistrate's recommendation. Pearle objects only to the legal determination made by the Magistrate with respect to which statute of limitations applies to Optometry Act claims. The single legal question presented by Pearle's motion and this appeal is whether Plaintiff's Optometry Act claim is governed by a two-year statute of limitations or by the residual four-year statute of limitations.

## III.

## UNDER THE UNDISPUTED LEGAL STANDARD, A TWO-YEAR STATUTE SHOULD APPLY

No Texas court has ruled on which statute of limitations applies to claims brought under the Optometry Act. In a diversity case such as this, the Court must follow the state substantive law, as pronounced by the highest state court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997). When, as here, the applicable state case law provides no definitive answer to a question, "it is the duty of the federal court to determine, in its best judgment, how the highest court of the state would resolve the issue if presented with the same case." *American Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003). In an *Erie* situation, where there is no definitive answer to a question of state law, a federal court should apply the "general rule," *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008), and should defer to intermediate state appellate court decisions. *Herrmann Holdings Ltd. v. Lucent Tech., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002). Here, both the general rule and the decisions of various Texas courts of appeals support application of a two-year statute of limitations.

A. *Texas Law Requires Application of Statutes of Limitations from Analogous Causes of Action*

The first legal principle to be applied is unequivocally set forth by the Texas Supreme Court in *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1998). In that case, the Supreme Court was presented with a statutory cause of action that had no express limitations period of its own. The Court explained: "When a statute lacks an express limitations period, courts look to analogous causes of action for which an express limitations period is available either by statute or by case law." *Id.* at 518. The Supreme Court did not even allow for the possibility that an analogous cause of action might not be found. Thus, under

PEARLE'S OBJECTION TO MAGISTRATE'S RECOMMENDATION DENYING
MOTION FOR SUMMARY JUDGMENT ON LIMITATIONS                              PAGE 3

Texas law, it is the Court's duty to find those causes of actions that are most analogous to claims brought under the Optometry Act, and then adopt the statute of limitations applicable to those causes of action.

**B.     *Optometry Act Claims Are Closely Analogous to Tortious Interference Claims***

In this case, there is a clearly analogous common law cause of action, namely, tortious interference. The Fifth Circuit has explained that tortious interference includes wrongful or malicious interference with the lawful pursuit of a business, trade or occupation. *See Leonard Duckworth, Inc. v. Michael L. Field & Co.*, 516 F.2d 952, 955 (5th Cir. 1975). Section 351.408 of the Optometry Act prevents an optical company from taking actions that control or attempt to control the professional judgment, manner of practice, or practice of an optometrist. Tex. Occ. Code §351.408. The essence of this cause of action is the interference by the optical company with the occupation of an optometrist in relation to his patients.

Plaintiff himself characterized his cause of action under the Optometry Act as one for interference. In seeking leave to amend his Original Complaint, Plaintiff tellingly described his own lawsuit:

> The present case has been filed by Dave Hammond, O.D., primarily pursuant to Tex. Occ. Code §351.408, as Plaintiff has alleged that during his lease and business relationship with Defendant, Pearle Vision, Inc., Defendant Pearle Vision *interfered* with his professional judgment and manner of practice in violation of Tex. Occ. Code §351.408.

*See* Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 28), at p. 1 (emphasis added). In his own words, Plaintiff correctly described his Optometry Act claim as analogous to a cause of action for tortious interference. His Optometry Act claim is thus governed by the two-year statute of limitations found in section 16.003 of the Texas Civil Practice and Remedies

Code. *First Nat. Bank of Eagle Pass v. Levine*, 721 S.W.2d 287 (Tex. 1986) (two-year statute of limitations applies to tortious interference).

The San Antonio Court of Appeals used the two-year statute of limitations in a case involving a statutory scheme quite similar to the Optometry Act in *Gambrinus Co. v. Galveston Beverage*, 264 S.W.3d 283 (Tex. App. – San Antonio 2008, pet. denied). The Texas Alcoholic Beverage Code requires absolute separation between the supplier and distributor of alcoholic beverages. *See* Tex. Alc. Bev. Code §102.01 *et seq. See also* Tex. Alc. Bev. Code §6.03(i) ("It is also the public policy of this state . . . to maintain and enforce . . . strict separation between the manufacturing, wholesaling, and retailing levels of the industry"). To that end, the Beer Industry Fair Dealing Law ("BIFDL"), Tex. Alc. Bev. Code §102.71 *et seq.*, prohibits a beer supplier from interfering with the management of the distributor's business, and provides a civil action for a violation of that prohibition. The distributor in *Gambrinus* alleged that the supplier had unlawfully refused to approve the sale of distribution rights to another distributor in violation of section 102.76 of the Code. 264 S.W.3d at 287.

The BIFDL, like the Optometry Act, does not provide an express statute of limitations in the event of a violation, so the San Antonio Court of Appeals had to determine which limitations period to apply. The distributor in *Gambrinus* argued its cause of action was related to its contract with the supplier and was therefore governed by the four-year statute for actions on a contract. *Id.* at 290. The supplier, on the other hand, argued that the statutory cause of action was in the nature of a tort, and sought application of the two-year statute of limitations. *Id.* at 289. The Court of Appeals observed that the distributor sought enforcement of statutory duties that were independent of the contract with the supplier. The court consequently concluded that the statutory cause of action most was akin to a tort. The court further held that the cause of

action most analogous to a violation of the BIFDL, which prohibits a supplier from controlling a distributor, was tortious interference with contract. *Id.* at 291. The court therefore applied the two-year tort statute of limitations. *Id.*

Based on the analysis of the court in *Gambrinus*, this Court should apply a two-year statute of limitations to Optometry Act claims. The statutory scheme under the Optometry Act with respect to the relationship between optometrists and optical companies is directly analogous to the statutory scheme under the Alcoholic Beverage Code with respect to the relationship between distributors and suppliers. The claims made by Plaintiff here and by the distributor in *Gambrinus* likewise are similar, as they both involve claims of interference with the management of their business or profession. The Court thus should find, similar to the *Gambrinus* court, that Plaintiff's Optometry Act cause of action is analogous to tortious interference and governed by the statute of limitations in section 16.003(a).

### C.   *The Optometry Act Claim Also Is Analogous to Trespass*

The statute of limitations in section 16.003 of the Civil Practice and Remedies Code applies to all acts of "trespass." Tex. Civ. Prac. & Rem. Code §16.003(a). In *First Nat. Bank of Eagle Pass v. Levine*, 721 S.W.2d 287 (Tex. 1986), the Court explained that "trespass," as used in section 16.003, is used "broadly, and means any act violative of the right of another through which injury is done to his estate or property." *Id.* at 289 (quoting *Bear Bros. & Hirsch v. Marx & Kempner*, 63 Tex. 298 (1885)) (internal quote omitted). The Texas Supreme Court has explained that "torts developed from the common law action for 'trespass'."[1] *Williams v. Khalaf*, 802 S.W.2d 651, 654 (Tex. 1990). Based on this, the Texas Supreme Court has held that "a tort not expressly covered by a limitation provision nor expressly held by this court to be governed

---

[1] A "tort" is "a private or civil wrong or injury, other than breach of contract, for which the court will provide a remedy in the form of an action for damages." Black's Law Dictionary 1335 (5th Ed. 1979).

by a different provision would ***presumptively*** be a 'trespass' for limitations purposes." *Id.* (emphasis added). *See also Wood v. Hustler Magazine, Inc.*, 736 F.2d 1084, 1089 (5th Cir. 1984) (observing that "Texas courts construe statutes of limitations strictly, requiring that an action be specifically excepted in order to avoid application of the general [tort] statute of limitations"). A violation of the Optometry Act clearly falls within the purview of a "tort" under Texas law and therefore would presumptively be governed by the "trespass" statute of limitations, that is, section 16.003(a). *See Paredes v. Odessa*, 128 F. Supp.2d 1009, 1015 (W.D. Tex. 2000) ("Tort liability generally arises from obligations that are imposed by law – apart from and independent of promises made" (internal quotations omitted)); *Richardson v. Bigelow Mgmt., Inc.*, 2007 WL 1139775 at *4 (Tex. App. – Dallas 2007, no pet.) ("If a party's conduct would give rise to liability independent of whether a contract existed between the parties, then the claim sounds in tort").

The Courts of Appeals of Texas analogize statutory causes of action for damages to torts and apply the trespass statute of limitations. For example, the Houston First District Court of Appeals, in an *en banc* opinion, applied the trespass statute of limitations to the Texas wiretap statute, which provides a private cause of action for damages but has no express statute of limitations. Like Plaintiff here, the plaintiff in *Collins v. Collins*, 904 S.W.2d 792, 804 (Tex. App. – Houston [1st Dist.] 1995) (en banc), *writ denied per curiam*, 904 S.W.2d 792 (1996), argued that the residual statute of limitations applied because the wiretap statute did not have its own statute of limitations. But the en banc court disagreed, holding that an action under the wiretap statute "sounds in tort" and therefore was controlled by the two-year statute of limitations for trespass. *Id.* The court observed that the statutory cause of action was analogous to the tort of invasion of privacy, which is governed by the two-year statute. *Id.*

The Amarillo Court of Appeals faced a similar situation with respect to statutory wrongful discharge, which provides for the recovery of damages but does not have an express statute of limitations. In *Luna v. Frito-Lay Inc.*, 726 S.W.2d 624 (Tex. App. – Amarillo 1987, no writ), the plaintiff alleged she had been discharged in retaliation for making a worker's compensation claim. The defendant urged the court to apply the two-year limitation for tort claims, whereas the plaintiff asserted that the residual four-year limitation should apply. *Id.* at 626. The court examined the nature of the cause of action, and noted that the obligation not to engage in retaliatory discharge for instituting a worker's compensation claim "arises separate and independent of any contractual obligations between the parties." *Id.* at 627. Thus, the court concluded that the cause of action sounded in tort, and was governed by the two-year statute of limitations applicable to trespass. *Id. See also Almazan v. United Servs. Auto Assn.*, 840 S.W.2d 776, 780 (Tex. App. – San Antonio 1992, writ denied) (following *Luna* and noting that the Texas Supreme Court "did not hold that all causes of action will invariably be governed by the residual four-year statute" but rather said that most torts will be governed by the two-year statute).

Finally, in *Chair King v. GTE Mobilnet* 135 S.W.3d 365 (Tex. App. – Houston [14th Dist.] 2004), *rev'd on other grounds* 184 S.W.2d 707 (Tex. 2006), the court examined the question of which statute of limitations applied to private causes of action under the federal Telephone Consumer Protection Act ("TCPA"). The case presented a "reverse-*Erie*" situation, where federal substantive law and the state statute of limitations applied. There was no express limitations period under either state or federal law. *Id.* at 390-391. The court applied the presumption required by Texas law that tort claims which are not governed by a specific tort provision are presumptively "trespass" claims for limitations purposes. *Id.* At 391. On this

basis, the Court found that a violation of the TCPA was covered by the two-year statute of limitations. *Id.*

Like the courts in *Collins, Luna,* and *Chair King*, this Court should apply the presumption that statutory claims for damages, such as Plaintiff's claim under the Optometry Act, are analogous to trespass and are governed by the general tort statute of limitations. The Optometry Act imposes statutory duties that are independent of any contract obligations between an optometrist and an optical company. A violation of those statutory duties, if proven, is an "act violative of the right of another through which injury is done to his estate or property," *Bear Bros. & Hirsch v. Marx & Kempner*, 63 Tex. 298 (1885), and is a trespass governed by section 16.003(a).

### D.     *The Texas Deceptive Trade Practices Act Also Is Analogous*

An alternative analogous cause of action would be the DTPA, which is governed by its own express two-year statute of limitations. Tex. Bus. & Com. Code §17.565. There is a close relationship between the Optometry Act and the DTPA, as a violation of the Optometry Act is explicitly made a violation of the DTPA. *See* Tex. Occ. Code §351.604. In *Johnson & Higgins*, the Texas Supreme Court held that the close relationship between an Insurance Code violation and the DTPA compelled the application of the DTPA statute of limitations to violations of the Insurance Code. *Johnson & Higgins*, 962 S.W.2d at 518. A similar rationale supports application of the DTPA statute of limitations here. The very same conduct allegedly giving rise to Hammond's Optometry Act claims would be actionable under the DTPA.

### E.     *Summary*

As shown by the foregoing cases, statutory causes of action for damages, such as the one brought by Plaintiff under the Optometry Act, are torts, and are presumed to be a form of "trespass" governed by the two-year tort statute of limitations. Where possible, Texas courts

analogize the statutory causes of action to specific torts, such as tortious interference in the *Gambrinus* case, invasion of privacy in the *Collins* case, or to other statutory causes of action, such as the DTPA as the court did in *Johnson & Higgins*. When a clear analogy cannot be found, Texas courts do not apply the residual statute of limitations, as the Magistrate here did, but instead follow the instructions of the Texas Supreme Court in *Williams v. Khalaf*. Where a court is presented with a statutory cause of action for damages that is not clearly analogous to specific tort causes of action, the two-year statute of limitations for trespass claims applies under section 16.003(a). Plaintiff's cause of action under the Optometry Act is thus governed by a two-year statute of limitations, and Pearle's Motion for Summary Judgment on Limitations should be granted.

## IV.

### APPLICATION OF THE RESIDUAL STATUTE OF LIMITATIONS TO PLAINTIFF'S OPTOMETRY ACT CLAIM IS IMPROPER

The Magistrate's recommendation that the residual statute of limitations should apply to Plaintiff's Optometry Act claim contradicts the general rule that the residual statute of limitations "is applied in Texas to rights of an equitable nature," *Burnham v. Todd*, 139 F.2d 338, 343 (5th Cir. 1943), and only as a last resort. *Burleson v. Mead Johnson & Co.*, 331 F. Supp. 710, 711-712 (N.D. Tex. 1971), *aff'd* 463 F.2d 180 (5th Cir. 1972) (four-year statute of limitations should be applied only when no other statute of limitations applies). *See also Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex. 1990) ("We early held that the predecessor of this residual statute of limitations applied to equitable actions not otherwise expressly governed."). Plaintiff's cause of action under the Optometry Act is not equitable in nature. Rather, as shown above, it is a statutory cause of action for damages that is presumptively governed by the two-year statute of limitations.

The residual statute of limitations applies when a cause of action seeks equitable or quasi-equitable relief. For example, the residual statute has been applied to actions for cancellation, reformation or rescission of deeds, contracts, and other written instruments, *see, e.g., In re Estate of Matejek*, 928 S.W.2d 742 (Tex. App. – Corpus Christi 1996), *writ denied per curiam* 960 S.W.2d 650 (Tex. 1997); actions to enforce or establish a lien, trust, or paternity, *see, e.g., Amarillo v. Loden*, 22 S.W.2d 969 (Tex. Civ. App. – Amarillo 1929, no writ) (lien); *Landram v. Robertson*, 195 S.W.2d 170 (Tex. Civ. App. – San Antonio 1946, writ ref'd n.r.e.) (trust); actions to set aside judgments, fraudulent conveyances, or bankruptcy preferences, *see, e.g., Caldwell v. Barnes*, 975 S.W.2d 535 (Tex. 1998) (bill of review to set aside judgment); *Hoerster v. Wilke*, 138 Tex. 263, 158 S.W.2d 288 (1942) (fraudulent conveyances); *Isaacs v. Neece*, 75 F.2d 566 (5th Cir. 1935) (preferences); and, suits for mandamus, *Munson v. Terrell*, 101 Tex. 220, 105 S.W. 1114 (1907). The residual statute also has been applied to a cause of action for violation of the Texas bill of rights, where the only relief sought was an injunction. *Ho v. University of Tex. at Arlington*, 984 S.W.2d 672, 687 (Tex. App. – Amarillo 1998, writ denied).

The residual statute of limitations likewise applies to statutory causes of action that provide for equitable relief. In *Revera v. Laredo*, 948 S.W.2d 787 (Tex. App. – San Antonio 1997, writ denied), the court applied the residual statute of limitations to a suit brought under the Texas Open Meetings Act, Tex. Gov't Code ch. 551, seeking mandamus, an injunction and declaratory relief. Similarly, in *Nabelek v. District Att'y of Harris Cnty.*, 2005 WL 2148999 (Tex. App. – Houston [14th Dist.] 2005, pet. denied), the court applied the residual statute to a cause of action for injunctive relief under the Texas Open Records Act, now known as the Texas Public Information Act, Tex. Gov't Code ch. 552. Application of the residual statute of limitations to the Open Records and Open Meetings Acts is consistent with the use of that statute

for equitable proceedings, whereas application of the residual statute to Optometry Act claims for damages is not.

It is clear that the courts of Texas reserve that statute of limitations for equitable or quasi-equitable causes of action. *See, e.g., Browning-Ferris Industries, Inc. v. Lieck*, 845 S.W.2d 926, 949 (Tex. App. – Corpus Christi 1992), *overruled on other grounds*, 881 S.W.2d 288 (Tex. 1994) ("We also note that the cause of action for loss of consortium is not an equitable action, thus it could not fall within § 16.051, the residual limitations statute.) The cause of action provided by section 351.605, which allows an injured person to recover damages for a violation of section 351.408, provides neither equitable relief for private parties nor is it analogous to equitable causes of action. The application of the four-year residual statute to the Optometry Act is thus improper and would create an anomaly with Texas law. This result should be avoided by a federal court sitting in a diversity case.

## V.

### THE *AARON* RULING IS NOT CONTROLLING

In applying the residual statute of limitations to Plaintiff's Optometry Act claims here, the Magistrate relied primarily upon this Court's ruling in *Aaron v. Wal-Mart*, No. 5:15-CV-26, slip. op. (E.D. Tex. Jul. 24, 2006) (unpublished opinion). In that case, also involving claims under the Optometry Act, the defendant moved for summary judgment on limitations, as follows: "The Texas Optometry Act does not establish a limitations period; consequently, the longest possible limitations period for that claim is four years, based on the residual statute of limitations." Wal-Mart's Motion for Summary Judgment, at 24, *Aaron v. Wal-Mart* (No. 5:15-CV-26). This sentence was the sum total of defendant's argument on the limitations issue. In his response, plaintiff in *Aaron* stated: "Plaintiff's [sic] final argument is that some of Plaintiff's claims are barred by the relevant statutes of limitations. Plaintiff does not disagree with this

general proposition, and has no objection to the Court granting summary judgment consistent with the undisputed facts and law of the case." Plaintiff's Response to Defendant's Motion for Summary Judgment, at 29, *Aaron v. Wal-Mart* (No. 5:15-CV-26). These two sentences were the sum total of plaintiff's argument on the limitations issue. Based upon the record, this Court ruled: "Further, Defendant asserts that because the Act does not establish a limitations period, Plaintiff is limited by the four-year residual statute of limitations on all claims arising under the Act. Plaintiff does not dispute these contentions. Accordingly, Defendant's motion shall be granted in this regard." Slip op. at 20, *Aaron v. Wal-Mart* (No. 5:15-CV-26).

In *Aaron*, the Court was not presented with the argument or authorities Pearle presents here. Indeed, neither the plaintiff nor defendant provided the Court with the relevant legal authorities. There was nothing to cause the Court to apply a statute other than the residual statute of limitations *which both parties there agreed should apply*. A court has no obligation to manufacture disputed legal issues where none exist, and none existed in *Aaron* with respect to the statute of limitations. Here, by contrast, the Court is presented with the legal authorities under Texas law that compel application of a two-year statute of limitations, and demonstrate that application of the four-year residual statute of limitations the parties agreed to in *Aaron* would be improper.

## VI.

## CONCLUSION

The Magistrate Judge erred in applying the four-year residual statute to Plaintiff's Optometry Act claim because that claim is analogous to causes of action that carry an express two-year statute of limitations. To the extent that the Magistrate did not find one of these causes of action to be appropriate, then the Magistrate should have applied the general presumption that the two-year catch-all tort limitations period applied. A statutory cause of action for damages is

a tort and Texas law presumes that the tort statute of limitations applies. The Magistrate's recommendation to apply the residual four-year statute of limitations was inappropriate because that statute is applied in Texas to equitable and quasi-equitable causes of action. Accordingly, the Court should grant Pearle's Motion for Summary Judgment on Limitations, and dismiss Plaintiff's Optometry Act claim.

        Respectfully submitted,

        JACKSON WALKER L.L.P.
        901 Main Street, Suite 6000
        Dallas, Texas 75202
        (214) 953-5912 – Direct Phone
        (214) 661-6632 – Direct Fax
        agreenspan@jw.com

By: /s/ Alan N. Greenspan
     Alan N. Greenspan
     State Bar No. 08402975

**OF COUNSEL:**
Lori A. Schechter
Bar No. 139728
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

**ATTORNEYS FOR PEARLE VISION INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically; therefore, this document was served on all counsel who have consented to electronic service November 24, 2008.

/s/ Alan N. Greenspan
Alan N. Greenspan